UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA D. PEREZ, | No. 2:17-cv-01351-MCE-GGH |
| Petitioner, | |
| v. | ORDER |
| D. G. ADAMS, | |
| Respondent. | |

Petitioner proceeds in pro se and in forma pauperis in this habeas corpus action. On October 23, 2017 Respondent filed a Motion to Dismiss the petition in part based on the allegation that plaintiff had failed to exhaust her state remedies and that her petition was, as a result, subject to dismissal. ECF No. 14. On November 27, 2017 petitioner sought an extension of time for any further filing, ECF No. 20, which request was granted on November 30, 2017 extending time for 60 days from the date of the Order for any further filing. ECF No. 21. On January 8, 2018 petitioner filed a motion to dismiss the petition insofar as she agrees she had failed to fully exhaust and was unaware of the requirement and therefore wished to withdraw her "claim" to allow her to exhaust. ECF No. 22. Respondent filed a Statement of Non-Opposition on January 10, 2018. ECF No. 23.

The exhaustion requirement referred to is found in 28 U.S.C. 2254(b)(1) and calls for petitioner to provide the highest state court with a full and fair opportunity to consider all claims

1

before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 277 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), *cert. denied* 478 US. 1021 (1986).

Petitioner should be aware that under Rhines v. Weber, 544 U.S. 269, 277 (2005) a district court may stay a petition to allow a petitioner to present an unexhausted claim or unexhausted claims to the state courts. Assuming the petition itself has time been filed in this court such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court." King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). A dismissal, such as petitioner has requested, will not, however, retard the statute of limitations on filing in his court and the result may be that when the petitioner seeks to return here with a new petition it may be subject to dismissal for untimely filing.

To qualify for a stay under Rhines a petitioner must (1) show good cause for her failure to exhaust all her claims before filing this action; (2) explain and demonstrate how her unexhausted claims are potentially meritorious; (3) describe the status of any pending state court proceedings, if any there are on her unexhausted claims; and (4) explain how she has diligently pursued any such claims. Rhines, 544 U.S. at 277-278.

What constitutes good cause has not been precisely defined except to indicate at the outer end that petitioner must not have engaged in purposeful dilatory tactics, Rhines, 544 U.S. at 277-78, and that "extraordinary circumstances" need not be found. Jackson v. Roe, 425 F.3d 654, 661-662 (9th Cir. 2005); see also Rhines, 544 U.S. at 279 (Stevens, J., concurring) (the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary pro se prisoner") (internal citation omitted); id. (Souter, J., concurring) (pro se habeas petitioners do not come well trained to address tricky exhaustion determinations). "But as the Jackson court recognized, we must interpret whether a petitioner has "good cause" for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.' We also must be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." Wooten v. Kirkland, 540 F.3d 1019, 1023-24 (9th Cir. 2008), *quoting* Jackson, 425 F.3d at 661) (internal citations omitted).

2

Recently, the Ninth Circuit stated that "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust," will demonstrate good cause under Rhines. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). In Blake, the Ninth Circuit held that ineffective assistance of counsel by post-conviction counsel can be good cause for a Rhines stay, however, bare allegations of state post-conviction IAC do not suffice. Id. at 983. The Blake court concluded that petitioner satisfied the good cause standard where he argued that his post-conviction counsel "failed to conduct any independent investigation or retain experts in order to discover the facts underlying his trial-counsel IAC claim; namely, evidence that Blake was subject to outrageous and severe sexual, physical and emotional abuse as a child and suffered from organic brain damage and psychological disorders." 745 F.3d at 982 (internal quotes omitted). The petitioner supported this argument with extensive evidence, including psychological evaluation reports, a declaration by the private investigator who worked briefly for his post-conviction attorney, and thirteen declarations from petitioner's family and friends describing his "abhorrent" childhood conditions. Id. at 982-83. The Blake court concluded that the petitioner had met the Coleman/Martinez standard to show good cause under Rhines." Id. at 983-84 & n.7.

If petitioner finds that she wishes to take advantage of the Rhines stay and abeyance procedure she should provide the court with a request for the stay that meets the pleading requirements laid out in this Order within 30 days of the date of this Order. If on the other hand she prefers to have the matter dismissed, she should notify the court of that decision within the same 30 day period and the dismissal will be effected.

In light of the foregoing IT IS HEREBY ORDERED that:

1.     Petitioner shall have 30 days from the date of this Order to either request a Rhines stay or to elect dismissal of her petition;

////

////

////

////

2. Failure to respond within the 30 day period shall result in a sua sponte dismissal by the court.

**IT IS SO ORDERED.**

Dated: January 11, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE